UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD HARCLERODE,<br><br>               Petitioner,<br><br>    v.<br><br>LAUREL HARRY, et al.,<br><br>               Respondents | CIVIL ACTION NO. 1:14-CV-01454<br><br>(CALDWELL, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On July 29, 2014, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the Petitioner on July 23, 2014. (Doc. 1). At the time of the filing of his federal habeas petition, the Petitioner was incarcerated at SCI Camp Hill, which is located in Camp Hill, Pennsylvania.

**I.  BACKGROUND**

On August 29, 1997, Petitioner was convicted of two counts of rape and related offenses, and sentenced to serve a term of seven-and-a-half years to life in prison by the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1, ¶ 7). On February 22, 2000, Petitioner was resentenced to a term of seven-and-a-half years to sixty years. (Doc. 1, ¶ 9). Petitioner has filed several applications for parole, all of which have been denied. Petitioner argues that the denial of parole violates his constitutional rights under the Supremacy Clause and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. (Doc. 1, ¶ 38).

II. **PETITIONER'S DUE PROCESS CLAIM**

Petitioner asserts that his continued detention and the denial of his parole violate his due process rights. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. As a threshold matter, "[i]t is axiomatic that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Mudric v. Att'y Gen. of U.S.*, 469 F.3d 94, 98 (3d Cir. 2006) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972)); *see also Wolfe v. Pa. Dept. of Corrections*, 334 F. Supp. 2d 762, 773 (E.D. Pa. 2004). In this case, Petitioner claims a liberty interest in parole, of which he allegedly was denied without due process of law when the Parole Board denied his application for parole.

It is well settled that the United States Constitution does not create a protected liberty interest in a pre-release expectation of parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 10–11 (1979); *Jago v. Van Curen*, 454 U.S. 14, 21 (1981); *Stephens v. Chairman of the Pa. Bd. of Prob. & Parole*, 173 Fed. Appx. 963, 965–66 (3d Cir. 2006) (per curiam); *Wolfe*, 334 F. Supp. 2d at 773. It is true that a "parolee" possesses a vested liberty interest in his continued release on parole that cannot be taken away without affording the parolee certain minimum requirements of due process. *See Morrissey v. Brewer*, 408 U.S. 471, 482, 488–89 (1972). But the mere grant of parole by a state parole board does not vest a prisoner with a protected liberty interest. *Jago*, 454 U.S. at 21; *Boone v. Nose*, No. 12-1370, 2013 WL 819730, at *5 (W.D. Pa. Mar. 5, 2013); *Bryant v. Thomas*, No. 07-0811, 2007 WL 1650532, at *2 (E.D. Pa. May 8, 2007); *DiSabatino v. Pa. Bd. of Prob. & Parole*, No. 05-5662, 2006 WL 1308236, at *3 (E.D. Pa. May 10, 2006). Under Pennsylvania law, a prisoner does not attain the status of a "parolee" until the grant of parole is executed and the prisoner is actually released on parole.

*Stephens,* 173 Fed. Appx. at 965; *Boone,* 2013 WL 819730, at *5–*6; *Bryant,* 2007 WL 1650532, at *2; *DiSabatino,* 2006 WL 1308236, at *3. Absent a protected liberty interest, the petition fails to state a cognizable procedural due process claim. *See Mudric,* 469 F.3d at 98; *Wolfe,* 334 F. Supp. 2d at 773.

Even in the absence of a protected liberty interest, substantive due process forbids "totally arbitrary parole decisions founded on impermissible criteria," such as race or in retaliation for exercising constitutional rights. *Burkett v. Love,* 89 F.3d 135, 139–40 (3d Cir. 1996) (quoting *Block v. Potter,* 631 F.2d 233, 236 (3d Cir. 1980)); *see also Perry v. Sindermann,* 408 U.S. 593, 597 (1972) ("[E]ven though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely."). Petitioner has not alleged reliance by parole officials upon impermissible criteria such as race or retaliation for the exercise of constitutional rights, but only that their denial of parole was arbitrary insofar as it was based on an erroneous determination of how many programs Petitioner has completed during his confinement, an improper assessment that he is a risk to the community, and an unsubstantiated recommendation that the trial judge provided a negative recommendation. (Doc. 1, ¶¶ 34-38). "The relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato,* 308 F.3d 236, 246–47 (3d Cir. 2002). Accordingly, the

petition must be denied and dismissed because it fails to state a cognizable claim upon which federal habeas relief may be granted.[1]

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE** on the merits. It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**Dated: August 11, 2014**                                     *s/ Karoline Mehalchick*
                                                               **KAROLINE MEHALCHICK**
                                                               **United States Magistrate Judge**

---

[1] Petitioner also alleges a violation of the Supremacy Clause as part of his claim that the denial of parole violates his constitutional rights. The Supremacy Clause establishes that federal law "shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2; *see also Hillman v. Maretta*, 133 S. Ct. 1943, 1955 (2013). Under the Supremacy Clause, a state statute may not vitiate the fundamental due process right to be free from arbitrary governmental action. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). While the Supremacy Clause allows this Court to review whether governmental action is arbitrary, Petitioner does not assert a separate, cognizable constitutional right violated by the Supremacy Clause, and accordingly the Court limits its analysis of Petitioner's claim to a violation of his Fourteenth Amendment Due Process rights.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD HARCLERODE, | |
| Petitioner, | CIVIL ACTION NO. 1:14-CV-01454 |
| v. | (CALDWELL, J.) |
| | (MEHALCHICK, M.J.) |
| LAUREL HARRY, et al., | |
| Respondents | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 11, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: **August 11, 2014**                         *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                    **United States Magistrate Judge**