UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD HARCLERODE        :
    Petitioner        :
                                    :
    vs.        :   CIVIL NO. 1:14-CV-01454
                                    :
                                    :
LAUREL HARRY, *et al.*,        :
    Respondents        :

*M E M O R A N D U M*

*I.*  *Introduction*

We are considering Petitioner's objections to the Report and Recommendations of Magistrate Judge Mehalchick. (Doc. 5). Petitioner, a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner claims that he has been denied parole in violation of the Fourteenth Amendment and Supremacy Clause of the United States Constitution. (Id.). Magistrate Judge Mehalchick recommends that the petition be denied and dismissed with prejudice. She further recommends that the court decline to issue a certificate of appealability. (Doc. 5). Because Petitioner filed objections (Doc. 8), we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). For the following reasons, we agree with the findings of the magistrate judge and will adopt the report in its entirety.

*II.        Background*

The magistrate judge's report outlines the facts of this case, so we will not repeat them here.

*III.       Discussion*

*A. Petitioner Fails to Establish a Cognizable Claim Under the Due Process Clause of the Fourteenth Amendment.*

Petitioner objects to the magistrate's determination that the denials of Petitioner's parole applications were not sufficiently arbitrary to constitute a violation of his substantive due process rights. (Doc. 8). Petitioner argues that the Respondents denied him parole because he had not completed sufficient inmate treatment programming, and this decision was unconstitutionally arbitrary because he completed all programs offered at the correctional institution where he is imprisoned. (Id.). Petitioner also claims he was arbitrarily denied parole because the Parole Board falsely determined that he posed a risk to the community. (Id.).

"Once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Federal courts, however, "are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001). "Only the most egregious official conduct [that shocks the conscience]

can be said to be arbitrary in the constitutional sense." County of Sacramento v. Lewis, 523 U.S. 833, 834 (1998).

We agree that Respondents' determinations to deny Petitioner parole were not unconstitutionally arbitrary. First, Petitioner's parole applications have never been denied solely for failure to complete inmate treatment programs. See, e.g., Watkins v. Shannon, No. 3:CV-06-1028, 2006 WL 2950478 at *4 (M.D. Pa. Oct. 16, 2006) (considering all factors when determining if decision was arbitrary). On the four parole applications that the Respondents identified lack of treatment programming as a factor in its determination to deny parole,[1] the Respondents also identified additional factors in its determination, including seriousness of the offense and a history that reflects an ongoing risk to the community. Despite Petitioner's claim that he is not a risk to the community, "[i]t is for the Board alone to determine whether or not a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of prison." Anderson v. Pa. Bd. of Prob. and Parole, No. 4:CV-05-00163, 2006 WL 1149233 at *2 (M.D. Pa. April 26, 2006) (citing Myers v. Ridge, 712 A.2d 791, 794 (Pa. Commw. Ct. 1998). We will not second-guess that determination. Additionally, even if Petitioner has completed all treatment programs, Pennsylvania's parole scheme does not create a predictable expectation of parole upon completion of a rehabilitation program. Charles v. Whitman, Civ. No. 3:CV-94-1713, slip op. at 3 (M.D. Pa. July 20, 1995). Therefore, there

---

1. Lack of inmate treatment was a factor in Respondents' determination to deny Petitioner parole in 2004, 2005, 2006, and 2008. (Doc. 1-1 at 31-39).

is "some basis" for Petitioner's parole applications to be denied, and Respondents' conduct cannot be said to be so egregious as to shock the conscience.

> B. *Petitioner Fails to Assert a Cognizable Claim Under the Supremacy Clause.*

Petitioner objects to Magistrate Judge Mehalchick's determination that he failed to assert a separate claim under the Supremacy Clause. We agree that Petitioner has failed to establish a separate claim. Petitioner, in essence, claims that Pennsylvania officials violated the Fourteenth Amendment, therefore causing Pennsylvania law to supersede the United States Constitution. Petitioner's Fourteenth Amendment and Supremacy Clause claims are one in the same. Because we have found no merit to Petitioner's Fourteenth Amendment claim, his Supremacy Clause claim must fall with it.

IV.     *Conclusion*

We will issue an order denying the section 2254 petition. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, see 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Fed. R. App. P. 22; Local Rule of Appellate Procedure 22.1.

　　　　　　　　　　　　　　　　　　/s/William W. Caldwell
　　　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　　　United States District Judge